**FILED**

FEB 2 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



ANGELE JEAN LOUIS,

Petitioner,

v.

ROBERT M. WILKINSON, Acting
Attorney General,

Respondent.

No.    18-72256

Agency No. A202-099-845

ORDER

Before:  KELLY,[*] GOULD, and R. NELSON, Circuit Judges.

The mandate issued on February 1, 2021 is recalled. The memorandum filed December 9, 2020 is amended and the amended memorandum is filed concurrently with this order. No further motions will be entertained in this case, and the mandate will be reissued forthwith.

---

[*]    The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANGELE JEAN LOUIS, | No.   18-72256 |
| Petitioner, | |
| v. | Agency No. A202-099-845 |
| ROBERT M. WILKINSON, Acting Attorney General, | AMENDED MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 7, 2020[**]
Pasadena, California

Before:  KELLY[***], GOULD, and R. NELSON, Circuit Judges.

Angele Jean Louis, a native and citizen of Haiti, petitions for review of the

Board of Immigration Appeals' ("BIA") denial of her application for asylum,

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Paul J. Kelly Jr., United States Circuit Judge of the United States Court of Appeals for the Tenth Circuit, sitting by designation.

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

The immigration judge ("IJ") found Louis not credible, and the BIA concluded that the IJ's finding was not clearly erroneous. Substantial evidence supports the adverse credibility determination based on inconsistencies in Louis' testimony concerning who was raped during the December 2012 incident, whether the rapist was arrested and held for a brief period of hours or was jailed for two years, and whether she stopped attending school in June 2012 or after the December 2012 incident. *See Lizhi Qiu v. Barr*, 944 F.3d 837, 842 (9th Cir. 2019). The record supports the cited inconsistencies in Louis' testimony and asylum application. *See Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010). Louis failed to adequately explain the inconsistences. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Therefore, without credible testimony, the BIA properly denied Louis' claims for asylum and withholding of removal.[1] *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

---

[1] Because the BIA only addressed the adverse credibility determination and assumed the asylum application was timely, we need not address the issue of the one-year asylum bar here. *See Navas v. INS*, 217 F.3d 646, 658 n.16 (9th Cir. 2000).

The BIA also properly denied Louis' claim for CAT relief because it was based on the same testimony found not credible, and Louis does not point to any other evidence in the record compelling a conclusion that she would be tortured by or with the consent or acquiescence of the Haitian government. *See Singh v. Whitaker*, 914 F.3d 654, 662–63 (9th Cir. 2019).

**PETITION DENIED.**